IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOPE WOJTOWICZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Hope Wojtowicz ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against Defendant Charter Communications, Inc. ("Charter" or "Defendant") concerning its practices outlined below. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This case concerns Charter's practice of charging customers for Internet service before a customer's internet service is activated.

2. Charter is the second-largest cable operator in the United States, and third-largest pay TV operator. Defendant operates its internet service under the "Spectrum" moniker.

3. Defendant's General Terms and Conditions state: "Billing may commence on or after the earlier of (a) the activation of any Service or Device, or (b) 8 days after customer pickup or shipment by Spectrum of Devices or Equipment."[1]

4. However, Defendant does not abide by these representations in its contract. Instead, Defendant begins charging customers for Internet service prior to either the activation of their Internet or the shipment of the Spectrum device.

5. On December 21, 2019, Plaintiff signed up for Spectrum's services. Her Spectrum device was shipped on December 22, 2019, and Plaintiff's internet service was activated on December 24, 2019.

6. However, Plaintiff was billed for her internet starting on December 23, 2019, prior to the date of service activation, and prior to 8 days after her Spectrum device was shipped.

7. Accordingly, Plaintiff was charged for a day beyond what Spectrum represented in its contract.

8. Plaintiff's experience is emblematic of the experience of other Spectrum customers:

> **Has anyone gotten their Payment Due Date moved up in the past year?**
>
> In other words, a hidden raise...on top of two other actual $$ raises the past year.
>
> 2-3 cycles ago my forever 18th due date was changed to 16th. CS said it was no big deal because i could still pay 10 days later. Without posting the long convo- i pressed the issue. He apologized and said he was reverting the date back. Next bill had the 17th instead, this bill back to 18th.

---

[1] SPECTRUM RESIDENTIAL GENERAL TERMS AND CONDITIONS OF SERVICE, https://www.spectrum.com/policies/residential-general-terms-and-conditions-of-service.

> Services from 08/16/19 through 09/15/19
>
> My box came 8/14 wasnt even hooked up untill 8/20!

> I resided in my apartment 7/13/19 - 7/11/2020 and had a Spectrum self-installed kit activated and service started on 7/15/2019. I'm being charged for an entire month of the internet for 7/8/2020 - 8/8/2020 period, even though I canceled my service as of 7/11/2020. While I understand the reasoning behind it (monthly-based subscription with no proration), but is there a reason why the billing cycle started on 7/8/2019 and not the activation date? How is this fair? Does anyone have a similar experience?

      9.     Defendant also has roughly 6,500 complaints on Better Business Bureau's website related to "Billing/Collection Issues," and an "F" rating from Better Business Bureau.

      10.    By the foregoing acts, Spectrum has breached its contract with customers and violated provisions of New York law.

      11.    Plaintiff brings her claims against Defendant individually and on behalf of a Class of all similarly situated customers of Spectrum for: (i) breach of contract, (ii) fraud, (iii) unjust enrichment, (iv) violation of New York General Business Law ("GBL") § 349, and (v) violation of GBL § 350.

## PARTIES

12. Plaintiff Hope Wojtowicz is a New York citizen and resident who lives in Sterling, New York. Ms. Wojtowicz is domiciled and intends to remain in New York.

13. Defendant Charter Communications, Inc. is a telecommunications and mass media company that offers its services to over 26 million customers in 41 states under the "Spectrum" brand. Defendant is organized and incorporated under the laws of Delaware and maintains, and at all times mentioned herein maintained, its corporate headquarters at 400 Atlantic Street, Stamford, Connecticut 06901.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

15. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

16. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

17. Plaintiff seeks to represent a class defined as all persons in the United States who are customers of Defendant and who were charged for Internet usage prior to their activation date (the "Class").

18. Plaintiff also seeks to represent a subclass of all Class members who are customers of Defendant in the State of New York (the "Subclass") (collectively with the Class, the "Classes").

19. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

20. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

21. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and subclass and predominate over questions affecting only individual members of the Class and subclass. Common legal and factual questions include, but are not limited to:

(a) Whether Defendant charging customers for internet usage prior to a customer's activation date is a breach of contract;

(b) Whether Defendant falsely represented when it would begin charging customers for internet usage;

(c) Whether Defendant is liable to Plaintiff and the Classes for unjust enrichment;

(d) Whether Plaintiff and the Classes have sustained monetary loss and the proper measure of their losses;

(e) Whether Plaintiff and the Classes are entitled to declaratory and injunctive relief; and

(f) Whether Plaintiff and the Classes are entitled to restitution and disgorgement from Defendant.

22. **Typicality.** The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff's billing cycle began prior to her activation date and therefore was overcharged for her internet service under Defendant's contract.

23. **Adequacy of Representation.** Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the members of the Classes she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

24. **Superiority.** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Breach Of Contract**

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 of this complaint.

26. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Classes.

27. Defendant entered into contracts with Plaintiff and members of the Classes to provide services in the form internet access in exchange for a set amount of money.

28. Defendant's General Terms and Conditions state: "Billing may commence on or after the earlier of (a) the activation of any Service or Device, or (b) 8 days after customer pickup or shipment by Spectrum of Devices or Equipment."

29. Defendant breached this contract by charging Plaintiff and other members of the Classes prior to either the activation date of their internet service or eight days after customer pickup or shipment of the Spectrum device.

30. Plaintiff and members of the Classes suffered an injury through the payment of money for internet services prior to being able to use said services.

## COUNT II
### Fraud

31. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 of this complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

33. As discussed above, Defendant misrepresented in its General Terms and Conditions that "Billing may commence on or after the earlier of (a) the activation of any Service or Device, or (b) 8 days after customer pickup or shipment by Spectrum of Devices or Equipment."

34. The false and misleading representations were made with knowledge of their falsehood. Defendant wrote and distributed its General Terms and Conditions to customers and sets the start dates for billing cycles.

35. The false and misleading representations were made by Defendant, upon which Plaintiff and members of the proposed Classes reasonably and justifiably relied, and were

intended to induce and actually induced Plaintiff and members of the proposed Classes to sign up for internet services with Defendant.

36. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Classes, who are entitled to damages and other legal and equitable relief as a result.

## COUNT III
## Unjust Enrichment

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

39. Plaintiff and members of the Classes conferred a benefit on Defendant in the form of monies paid for internet services in exchange for certain service. In exchange for monies paid, Plaintiff and members of the Classes were entitled to internet services beginning on the first day of their billing cycle.

40. Defendant voluntarily accepted and retained this benefit by accepting payment.

41. Defendant has retained this benefit, even though Defendant began charging Plaintiff and members of the Classes for internet services prior to Plaintiff and members of the Classes having access to said services. Accordingly, Defendant should return monies received for internet services that were assessed prior to Plaintiff and members of the Classes having access to the internet.

42. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT IV
## Violation Of New York's General Business Law § 349

43. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 of this complaint.

44. Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendant.

45. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

46. In its sale of services throughout the State of New York, Defendant conducts business and trade within the meaning and intent of New York's General Business Law § 349.

47. Plaintiff and members of the Subclass are consumers who purchased services from Defendant for their personal use.

48. By the acts and conduct alleged herein, Defendant has engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that Defendant would commence billing "the earlier of (a) the activation of any Service or Device, or (b) 8 days after customer pickup or shipment by Spectrum of Devices or Equipment."

49. The foregoing deceptive acts and practices were directed at consumers.

50. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent charges consumers would pay for Defendant's internet services to induce consumers to purchase same.

51. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

52. Defendant's actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Subclass have sustained from having paid for and consumed Defendant's products.

53. As a result of Defendant's violations, Plaintiff and members of the Subclass have suffered damages because: (a) they would not have purchased Defendant's internet services on the same terms if they knew that they would be charged for their internet services prior to the date set forth in Defendant's General Terms and Conditions; and (b) they paid more than they should have for Defendant's internet services under the General Terms and Conditions.

54. On behalf of herself and other members of the Subclass, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT V
## Violation Of New York's General Business Law § 350

55. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 of this complaint.

56. Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendant.

57. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

58. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

59. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of New York's General Business Law.

60. Defendant's false, misleading, and deceptive statements and representations of fact were and are directed to consumers.

61. Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

62. Defendant's false, misleading, and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

63. As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and the Subclass have suffered and continue to suffer economic injury.

64. As a result of Defendant's violations, Plaintiff and members of the Subclass have suffered damages due to said violation because: (a) they would not have purchased Defendant's internet services on the same terms if they knew that they would be charged for their internet services prior to the date set forth in Defendant's General Terms and Conditions; and (b) they paid more than they should have for Defendant's internet services under the General Terms and Conditions.

65. On behalf of herself and other members of the Subclass, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

(a) For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as

a representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

(b)    For an order declaring the Defendant's conduct violates the statutes referenced herein;

(c)    For an order finding in favor of Plaintiff, the Class, and Subclass on all counts asserted herein;

(d)    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)    For prejudgment interest on all amounts awarded;

(f)    For an order of restitution and all other forms of equitable monetary relief;

(g)    For injunctive relief as pleaded or as the Court may deem proper; and

(h)    For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated:  January 15, 2021                    Respectfully submitted,

**REARDON SCANLON LLP**

By:    /s/ *James J. Reardon, Jr.*
            James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*Pro Hac Vice Forthcoming*)
Max S. Roberts (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Avenue
New York, NY 10019
Telephone:  (646) 837-7150

Facsimile:   (212) 989-9163
Email:  jmarchese@bursor.com
             mroberts@bursor.com

*Attorneys for Plaintiff*